UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

        -against-                               07Cr.815(HB)

KAMILJAN TURSUNOV,

                        Defendant.
-------------------------------------------------------------X

# MEMORANDUM OF LAW

## IN SUPPORT OF DEFENDANT KAMILJAN TURSUNOV'S

## PRE-TRIAL MOTIONS

**Richard Jasper**
**Attorney for *Defendant***
**276 Fifth Avenue, Suite 501**
**New York, New York 10001**
**(212) 689-3858**

## **PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of defendant Kamiljan Tursunov's motion for (1) Advance Notice of Intent to Introduce Evidence under Fed. R. Evidence 404(b), and (2) Brady/Kyles evidence in possession of the Government.

## POINT ONE

### DEFENDANT KAMILJAN TURSUNOV REQUESTS THAT THE GOVERNMENT BE DIRECTED TO GIVE NOTICE OF EVIDENCE IT SEEKS TO INTRODUCE AT TRIAL PRIOR TO RULE 404(b)

Effective December 1, 1991, Fed R. Evid. 404(b) was amended to provide for notice in advance of trial of the general nature of the evidence which the government may seek to introduce pursuant to the rule.  The amendment does not specify what constitutes "reasonable notice in advance of trial", but the commentary provides that the amendment is intended to reduce surprise and promote early resolution on the issue of admissibility.  "FED. R. EVID. 404(b) (SENATE COMMITTEE NOTES 1991 AMENDMENT).  The notes further indicate that the addition of the notice provision brings Rule 404(b) in line with other evidentiary rules requiring pre-trial disclosures.  The rules referred to are Rule 412 which requires written motion of intent to offer evidence under the rule "not later than 15 days" before trial is scheduled to commence; Rule 609 requiring written notice of intent to use evidence of a conviction greater than 10 years old sufficiently in advance to provide the opponent fair opportunity to contest its use; Rule 803 (24) and 804 (b) (5), the residual hearsay rules, requiring notice "sufficiently in advance" of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it.

Thus, the notice provision contemplates sufficient advance notice to allow the defense to investigate and prepare to meet this evidence as well as to properly litigate its admissibility prior to trial.

It is respectfully requested that the government be ordered to disclose any other act evidence at least three weeks prior to trial so that Mr. Kamiljan Tursunov will have

adequate and fair opportunity to investigate and challenge the veracity and admissibility of such evidence.

## POINT TWO

**THE GOVERNMENT MUST DISCLOSE MATERIAL BEARING UPON THE CREDIBILITY OF GOVERNMENT WITNESSES AS SOON AS IT BECOMES AVAILABLE AS SUCH INFORMATION IS EXCULPATORY IN NATURE AND FALLS DIRECTLY WITHIN THE RULE ESTABLISHED IN _BRADY V. MARYLAND_ AND ITS PROGENY.**

The rule promulgated by the Supreme Court in _Brady v. Maryland_, 373 U.S. 83 (1963) requires the prosecution to disclose to the defense evidence favorable to the accused and material to guilt or punishment.  _See_ also, _Moore v. Illinois_, 408 U.S. 786 (1972).  The rule in _Brady_ has repeatedly been interpreted by the courts as requiring the disclosure of impeachment material.  "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. "_Giglio v. United States_, 405 U.S. 150, 154 (1972), quoting _Napue v. Illinois_, 360 U.S. 264m 269 (1959).  Indeed, _Giglio_ stands for the very proposition that exculpatory evidence includes material which may well alter the jury's judgment of the credibility of a crucial prosecution witness as well as that which goes to the heart of the defendant's guilt or innocence.  This is so because guilt or innocence may turn on the credibility a given witness alone.

The defendant Kamiljan Tursunov urges that the government be directed to furnish the defense with all favorable information tending to impeach government witnesses, in particular, the various cooperating witnesses.  There is no question that the government's able counsel are aware of their continuing obligation under the constitution

4

and cases.  However, defendant seeks production of impeachment <u>now</u>, when it can be utilized at a meaningful time and in a meaningful manner.

The Supreme Court has re-affirmed the significance of <u>Brady/Giglio</u> material as recently as April, 1995, <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995).  In <u>Whitley</u>, the court reversed a conviction based upon the failure to produce <u>Brady/Giglio</u>.  Significantly, the material would have furthered in the defense attack on the credibility of the witness government and its investigation.

It is crucial that the defense be advised of the result of the cooperation witnesses proffer sessions and statements to the government.  In addition, the government should be ordered <u>now</u> to provide the number and length of time of informant sessions with government personnel.  <u>Kyles</u>, supra, at 1573,

In <u>United States v. Bagley</u>, 473 U.S. 667 (1985), the Supreme Court expressly ruled that the failure to disclose impeachment evidence is subject to the same standard as any other exculpatory evidence.

With these fundamental precepts in mind, it is respectfully requested that the Court compel the government to disclose impeachment material for its witnesses as soon as it becomes available.  The case law requires that impeachment material be provided to the defense in the same manner as any other exculpatory material and that is on a continuing basis.  <u>United States v. Taylor</u>, 707 F. Supp 696 (S.D.N.Y. 1989) ("The government is under a continuing duty to provide a defendant, upon request, with information material wither to guilt or punishment, and the government's suppression of such information, even in good faith, violates due process.

5

...Information which might impeach a government witness and any exculpatory statement made by a government witness should be disclosed under <u>Brady</u>.")  (citations omitted); <u>United States v. Gleason</u>, 265 F. Supp. 880, 887 (S.D.N.Y. 1967) (due process requirements override the statutory provisions of 3500).  In light of the complexity of the instant indictment and the quantity of impeachment material expected, it is requested that Giglio material be produced thirty days prior to trial.

### <u>*BRADY/GIGLIO* MATERIAL AND F.R.E. 806</u>

It is expected and known that the government will produce numerous accomplice witnesses.  Indeed, this practice has become the norm in complex federal criminal litigations.  This fact of life usually means that the government will heavily rely upon co-conspirator declarations under F.R.E. 801(d)(2).  Under F.R.E. 806, defendant Kamiljan Tursunov will have the right to <u>attack or support</u> the credibility of the declarant by any evidence which would be admissible for those purposes <u>if declarant</u> had testified as a witness.  Mr. Kamiljan Tursunov respectfully requests that all material under <u>Kyles, Brady, Giglio</u> be produced as to that declarant prior to the offer of the statement.

If, as Rule 806, states, the credibility of the declarant of an 801 (d)(2) statement may be attacked or supported as if he had testified, then, the production of impeachment material known to the government will be critical to establish a defense to these charges.

### <u>RESERVATION OF MOTIONS</u>

The defendant Kamiljan Tursunov requests leave to more for any further relief warranted by the resolution of the aforesaid motions or by discovery made or information provided in a Bill of Particulars or as the result of litigation concerning any pretrial motion.

6

WHEREFORE, it is respectfully requested that this Court grant the aforesaid relief together with such further relief as this Court may deem proper.

Dated: New York, New York
       January 2, 2008

                                        Respectfully submitted,


                                        Richard Jasper
                                        Attorney for *defendant Tursunov*
                                        276 Fifth Avenue, Suite 501
                                        New York, New York 10001
                                        (212) 689-3858


cc:    Office of the Clerk
       United States District Court of the
       Southern District of New York
       500 Pearl Street
       New York, New York 10007

       Hon. Harold Baer
       United States District Judge
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, New York 10007

       Iris Lan, Esq.
       Michael Farbiarz, Esq.
       Assistants United States Attorney
       for the Southern District of New York
       One Saint Andrew's Plaza
       New York, New York 10007